IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY SHIMONEK, | ) | CASE NO. 8:04CV297 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND |
| v. | ) | ORDER |
| | ) | |
| WERNER ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to NELR § 79.1(c) and the Standing Order Regarding Custody of Civil Exhibits-Post Trial (General Order No. 2001-06),

IT IS ORDERED that:

1. As soon as possible, but not later than 15 days after the entry of judgment, all exhibits in the above entitled action shall be withdrawn from the office of the Clerk by the lawyer who offered a particular exhibit into evidence;

2. A lawyer withdrawing an exhibit shall give a receipt to the Clerk for such exhibit;

3. A lawyer withdrawing an exhibit shall maintain custody and control of any withdrawn exhibit in the same state and condition as when the exhibit was offered into evidence until the 61st day after the case has become final and is no longer subject to appellate review, whereupon the lawyer may destroy or otherwise dispose of any such exhibit without further authorization;

4. Until the time provided in paragraph 3 above has expired, a lawyer

    withdrawing an exhibit shall make the exhibit available to opposing counsel for examination and use by opposing counsel at reasonable times and places upon request of opposing counsel;

5. Until the time provided in paragraph 3 above has expired, at the request of the Clerk, a lawyer having custody of an exhibit shall promptly return the exhibit to the Clerk;

6. Notwithstanding the entry of judgment, this court retains jurisdiction over the parties and the lawyers for purposes of assuring compliance with this order;

7. Failure to strictly abide by the provisions of this order may subject the lawyers, the parties or both to imposition of sanctions.

DATED this 27th day of October, 2005.

                        BY THE COURT:

                        s/ Lyle E. Strom
                        United States District Judge